Matty ALPERSTEIN

v.

IRVIN B. FOSTER & SONS SPORTS-WEAR CO., Inc.

Civ. A. No. 25387.

United States District Court
E. D. Pennsylvania.

April 27, 1961.

Sidney B. Gottlieb, Philadelphia, Pa., for plaintiff.

Harry A. Rutenberg, Ronald N. Rutenberg, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is an action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 201–219, tried before this Court, without a jury. From the pleadings and proof, the Court makes the following Findings of Fact:

1. The Court has jurisdiction of the parties and the subject matter of this proceeding.

2. Plaintiff is an individual residing at 2079 North John Russell Circle, Elkins Park, Pennsylvania.

3. Defendant is a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania, engaged in the manufacturing of sportswear and related products, some of which products are sold and distributed in interstate commerce.

4. On or about September 19, 1957, the plaintiff, Barney Held, Louis Held and Irvin Foster, president of defendant corporation, verbally agreed to enter into a joint venture.

5. The purpose of the said joint venture was to manufacture and sell ladies' dresses.

6. All four participants decided that the name of the joint venture would be "Frances Foster", which was a dormant corporation controlled by Irvin Foster.

7. Barney Held withdrew from the joint venture before it commenced operations.

8. All participants agreed among themselves to contribute the sum of $5,-000 each to the joint venture, and that the profits would be divided in equal shares among the respective parties.

9. It was also agreed between them that no one would withdraw any funds from the joint venture for a period of at least six weeks.

10. The division of labor was to be as follows: (a) Plaintiff was to supervise the manufacturing of the dresses; (b) Louis Held was to handle the styling of the dresses and sale of the finished product; (c) Irvin Foster was to arrange for the financing of the venture.

11. Immediately prior to commencement of operations, certain machinery and equipment, owned by the plaintiff, was moved into defendant's premises at

"j" Street and Ontario Street, Philadelphia, for the purpose of manufacturing dresses.

12. This machinery and equipment was placed in a location on defendant's premises apart from the machinery and equipment of defendant.

13. A sales office was leased in New York City, the lessee being "Frances Foster".

14. All invoices and billings for dresses manufactured and delivered to customers were made on forms on which the name "Frances Foster" appeared.

15. In November of 1957, the plaintiff, Louis Held and Irvin Foster agreed that no monies would be withdrawn from the joint venture at that time.

16. In January of 1958, the plaintiff, Louis Held and Irvin Foster agreed that defendant would advance for the account of "Frances Foster" the sum of $150 per week to plaintiff and Louis Held.

17. Beginning with the week of January 17, 1958, defendant advanced to plaintiff and Louis Held the sum of $150 per week less deductions.

18. The amounts advanced in this manner were charged by defendant to the account of "Frances Foster".

19. All of the services rendered by plaintiff were performed for and on behalf of the joint venture.

20. Plaintiff never contributed $5,000 in cash to the joint venture.

21. The joint venture during the times in issue operated at a loss.

22. On May 21, 1958 the plaintiff tendered his resignation from the joint venture to Irvin Foster.

23. On July 11, 1958 the plaintiff withdrew from the joint venture.

24. Plaintiff was not an employee of defendant as alleged.

### Discussion

In this action plaintiff has sought to prove that he was an employee of defendant corporation during the period October 28, 1957 until July 13, 1958; that defendant failed to pay plaintiff a minimum wage during a portion of this period in violation of the Fair Labor Standards Act; and, that defendant failed to pay plaintiff overtime wages during the entire period, although he worked a substantial number of overtime hours for defendant, in violation of the Fair Labor Standards Act.

Defendant argued that plaintiff was not its employee, but rather a member of a joint venture, and, therefore, cannot avail himself of the benefits of the Fair Labor Standards Act.

Of course, to recover in this action it was incumbent upon the plaintiff to establish that he was employed by defendant. The Court finds that plaintiff has failed to prove this crucial fact.

Although we appreciate that the quantity of witnesses produced by parties to an action should not necessarily control, it is noteworthy that plaintiff's only witness was himself. Defendant, on the other hand, produced a number of witnesses, including Louis Held, Barney Held and Irvin Foster, all of whom testified that plaintiff was nothing more than a party to a joint venture, trading as "Frances Foster", and that he was not an employee of defendant. Further evidence, including plaintiff's own testimony, indicates that such was the case.

Plaintiff testified that he worked several weeks on defendant's premises without ever receiving any remuneration whatsoever, and without ever demanding payment from any of defendant's officers. Such conduct does not support plaintiff's position that he was an employee of defendant.

It was also brought out that plaintiff never punched any timecard nor did he join the Union which represented defendant's employees. The Union contract provided that any employee other than supervisory employees had to be under the defendant's contract a member of that Union.

The most substantial evidence introduced to support plaintiff's contention were the check stubs evidencing that plaintiff did receive $150 per week from

defendant for several months. However, the Court believes the explanation offered by defendant that these were merely advancements to plaintiff charged to the account of "Frances Foster" and were not, as plaintiff asks us to find, payments to an employee in the ordinary course of business.

The Court has not attempted to review all the evidence produced at the trial of this case. Taking the record as a whole, the Court is convinced that plaintiff was not an employee of defendant, but merely a party to an unfortunate business venture.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this proceeding.

2. Plaintiff was not an employee of defendant.

3. Plaintiff cannot avail himself of the benefits of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 201–219.

4. The defendant is entitled to judgment in its favor.